Allen *v.* Craig.

○

DANIEL K. ALLEN and OTHERS ads. WILLIAM I. CRAIG.

In an action of trespass against several defendants, the law does not require the judge to allow them separate trials. or to direct the jury to assess the damages severally against each defendant.

In an action for a joint trespass against several defendants, who plead severally and are even tried severally, if all the issues are found for the plaintiffs, the damages shall be entire ; and the mode of making them entire is by charging the defendants, who by tardiness in pleading were not ready at the trial of the first issue, with the damages then assessed.

Trespass by divers persons being joint and several in its nature, the injured party has his remedy against all, or any of them, and may enter a *nolle prosequi* as to any of them at any time, before final judgment.

Actions of trespass and for assault and battery, are in their nature vindictive, and when a jury gives exemplary damages, the general and safest rule is, for the court not to interfere, unless they are manifestly outrageous.

This was an action of trespass brought by the plaintiff against the defendants to the number of twelve. Bowne, one of the defendants died soon after the commencement of the suit, and his death was suggested on the minutes of this court, but not on the circuit record. Daniels, another of the defendants did not

Allen *v.* Craig.

plead, but no judgment by default was entered against him. The names of both appear on the circuit record. The remaining defendants pleaded separately not guilty.

When the cause was called on for trial at the circuit, the defendants by their counsel claimed the privilege of having separate trials, on the ground of having pleaded separately, and from the nature of the action, which allowed of different degrees of guilt in the several defendants. The judge refused the application, and ruled that the trial must be joint as to all the defendants, and the verdict and judgment general as against all the defendants, who should be found guilty, though one or more of the defendants might be acquitted, if the jury considered them not guilty. The defendants by their counsel also objected to the trial proceeding, because the death of Bowne was not suggested on the record, and because Daniels had not pleaded, and no judgment had been entered against him, or inquisition of damages as to him ordered. The judge overruled the objection and directed the cause to proceed at the peril of the plaintiff, stating that the defendants should have the benefit of all the aforesaid matters at the bar of the court.

During the trial it appeared, that the plaintiff kept a public house in the town of Paterson in the county of Essex ; that the defendants about eight o'clock in the evening of the 19th of December 1829, went there, some of them declaring, that they were going to give him a buster. After being in the house sometime and drinking at the bar, they commenced a merry making, by placing a man of the name of Barney in the centre and marching round him, laughing at him and saying " is it Barney." Some of the defendants called for Parsons, who was the owner of the house, and swore if the plaintiff did not produce him, the house should come down. This continued, until a difficulty arose between one of the defendants and a young man, that was boarding with the plaintiff, who jumped over the counter to his assistance, and seized a pistol. The defendants then threw the chairs and the coal, which was in the coal hod by the fire place, with great violence into the bar, and broke most of the glass there, as well as the chairs in the room. The noise was great, and brought in the neighbors. There was some contradictory evidence about Allen, one of the defendants, having a dirk,

Allen *v.* Craig.

though it was not pretended that he used, or offered to use it. The fact of his having a dirk was testified to by two witnesses. The actual damage was proved by several witnesses, not to exceed fifteen dollars, and by others to be from twenty to thirty dollars. It appeared also in evidence by the record of conviction, that several of the defendants had been convicted for the riot, and had been punished by fine and costs in a sum exceeding five hundred dollars. The jury rendered a verdict of not guilty as to Paul, one of the defendants, and a general verdict of guilty as to the other defendants, and assessed the damages of the plaintiff at one thousand dollars.

On the return of the postea the court granted a rule to show cause, why the verdict should not be set aside and a new trial had. The following reasons were assigned for a new trial.

1. Because the judge refused the defendants the privilege of a separate trial, and a separate verdict, thereby subjecting each to an equal share of the damages, whether principally or partially concerned in the transaction.

2. Because the death of one of the defendants, Bowne, was not suggested on the record, before the cause was brought down for trial.

3. Because judgment was not entered against the defendant, Daniels, who had not pleaded, and an order entered for assessing the damages as against him, or a *nolle prosequi* entered, before the cause was brought to trial.

4. Because the damages are excessive and unreasonable.

The rule was argued at the last November term.

*W. Pennington,* in support of the rule contended, 1. That as the defendants had pleaded separately, they were entitled to a separate trial; they were at least entitled to have their case considered separately, so that the second in fault should not be required to pay as much as the first. How else can justice be attained. The jury should have been directed to assess the damages separately, for otherwise, as in this case, a general verdict will be rendered, and one of the defendants may be compelled to pay the whole. This is clearly wrong, for the defendants thus paying cannot recover of the other defendants, for this is a case of tort and not of contract. If the defendants had pleaded jointly, they then might have been considered as making their election and waving the privilege now contended for.—

Allen *v.* Craig.

1 *Arch. Prac.* 194. In trespass if the defendants are found guilty, you cannot sever the damages. 1 *Croke Eliz.* 860.

2. He contended, that the death of Bowne ought to have been suggested on the record, and some notice taken of the want of a plea on the part of Daniels. The narration is joint and against all the defendants, and the verdict is general, except as to Paul, and the judgment must follow the verdict. Thus there will be a judgment against one, who is dead; and against another, who has not had the benefit of a trial. A *nolle prosequi* as to Daniels, should have been entered before the trial.

3. The damages are excessive. The actual damage did not exceed thirty dollars. The plaintiff was in fault; he administered the liquor, and brought on the riot by jumping over the counter and seizing the pistol. This matter is within the control and discretion of the court, who will always guard the defendant against vindictive damages.

*Dickerson* contra. It has long been settled, that in an action of trespass against several defendants, though they plead severally and are tried separately, yet if all the issues are found for the plaintiff, the damages will be entire. *Esp. N. Prius*, part 2, page 314; 5 *Burr. Rep.* 2790. And this furnishes a complete answer to the objection made to the direction of the judge at the circuit.

2. In regard to the death of Bowne, it was suggested on the minutes of the court at the proper time, and before the trial, and the court, if necessary, may direct the circuit record to be amended.

3. A *nolle prosequi* can now be entered as to Daniels. *Salk. Rep.* 451; 6 *Cowen Rep.* 40; 1 *Stra. Rep.* 533; *Croke Car.* 239, 426; 1 *Wil. Rep.* 306.

This court will now allow an amendment to be made, if necessary, to effect justice. 1 *John. cases*, 29; 7 *T. R.* 703; 1 *Binney's Rep.* 369, 488; 11 *Eng. Com. Law. Rep.* 129; *case from* 3 *Bingham* 329.

4. The damages are not excessive, for such an outrage upon a man's house and property. The jury considered this, and they are the proper tribunal to assess damages in this action of trespass.

---

Allen *v.* Craig.

---

The opinion of the court was delivered at this term by Justice Ford.

FORD, J. This was an action against the defendant and nine other persons, for a trespass charged against them jointly, to which they had pleaded severally not guilty, not by putting in one joint plea, but by each putting in this plea for himself, so that there was a separate issue for each defendant. When the trial was called at the circuit, the defendants moved for the privilege of separate trials, and insisted that the jury might assess the damages severally against each defendant, according to the degree in which he was culpable; some of them being parties principally concerned, while others were concerned so very slightly. But the court not only rejected this motion, and compelled them to trial before the same jury, but in their charge instructed the jury that the damages could not be severed. For these and other reasons assigned, the defendants move to set aside the verdict, which was rendered for $1000. And they insist on the hardship that must necessarily ensue; for the sheriff may levy the damages out of the goods of one or only a few of the defendants, who will have no legal means of compelling contribution. Now there is no law requiring the judge to try one cause by ten separate juries, nor is, nor can any such law be shewn. One jury is as competent to try all these issues, as they are to try one of them; and it is common for a jury to pass on several issues in one cause. And if he was not bound to fritter one cause into ten jury trials but was at liberty to use his discretion, he used it in this instance very discreetly; for had he consented to the motion for several juries, it would have multiplied the costs almost ten fold, and still would not have attained the defendant's purposes, for the first jury must have assessed the plaintiff's *whole damages*; and these being once found, the nine subsequent juries, instead of having any thing to do with damages already found, could have determined nothing more, than whether the remaining defendants were participators in that *joint* trespass. So that in every point of view it was proper to refuse the motion, and not allow the cause to be heard over and over again, as many times as the defendants amounted to in number.

The next objection is to the charge given by the judge to the

jury, that they ought to find the damages in one entire sum, and not severally against each defendant. But the law has been holden as here stated by the judge, ever since the 1st and 5th resolutions in Sir John Heydon's case, 11 *Co.* 5 *C*, which after solemn argument was affirmed on a writ of error; wherein these points were resolved. 1st. " When in trespass against divers defendants, they plead not guilty on *several* pleas, and the jury find for the plaintiff in all, the jurors cannot assess *several* damages against the defendants, because all is *one* trespass, and laid *joint* in the declaration; and although one of them is more malicious and doeth more and greater wrong than the others, yet *all* coming to do an *unlawful* act, and being of *one party*, the act of one is the act of all." 5th. That where in trespass, the defendants plead *several* pleas, all triable by one jury, and both (all) the issues are found for the plaintiff, the jury cannot *sever* the damages, and if they do, all the verdict is faulty." In the case of *Austin* v. *Willard*, and two others, *Cro. Eliz.* 860, for assault and battery, where two of the defendants plead *son assault*, and the third not guilty, the jury found the issues for the plaintiff, but assessed *several* damages; and it was held by the court to be *ill*, because it is a *joint* offence to the plaintiff. The same principle was maintained long afterward, in the case of *Hill and another* v. *Goodchild*, 5 *Burr.* 2790, where Goodchild brought trespass for assault and battery against the other two, who plead not guilty, and the jury found for the plaintiff, but assessed *two pounds* damages against one defendant, and *one shilling* against the other; and the Court of Common Pleas gave judgment for these several damages; but the judgment was *reversed* in the King's Bench, by Lord Mansfield and the whole court, who said, after considering all the cases, " As the trespass is *jointly charged* against *both* the defendants, and the verdict has found them jointly guilty, the jury could not afterwards assess *several* damages." These cases have been several times deliberately and judicially examined, and together with several more cited in that of *Hill* v. *Goodchild*, establish the doctrine beyond possible doubt, that in an action for a *joint* trespass against several defendants, who plead severally, and are even tried severally, if all the issues are found for the plaintiff, the damages shall be *entire*. And the mode of making them entire is recog-

Allen *v.* Craig.

nized by the court in the 2d resolution in Heydon's case. That the defendants who, by tardiness in pleading, were not ready at the trial of the first issue shall be charged with the damages assessed on the trial when the first issue is found. The jury that first tries one of the several issues shall assess the plaintiff's damages for the entire trespass; and in case other issues shall be found for the plaintiff afterward, there shall be no further assessment, but judgment shall pass against all for the damages so assessed; and thus on a joint trespass there will be but one judgment and one assessment of damages for the plaintiff. But if some of them stand on demurrer, and others upon issue on facts, " the damages in respect of the demurrer are said to be *contingent*, depending on the event of the demurrer." *Tidd's Prac.* 321, of damages. The charge respecting *entire* damages as the judge delivered it to the jury, was in accordance therefore with the settled law. It is not denied that in some cases the jury may sever the damages, as where some defendants are found guilty at *one* time and some at *another*, 11 *Coke* 5 *C.*; or where the action is for two distinct trespasses, and some are found guilty of only one, and some of only the other; or where the trespass is laid entire, and some are found guilty of only *part* of it; all of which differ from the present case. This is laid as a joint trespass and the jury has found each defendant guilty at the same time, and guilty of the whole, whereby the right of severance was taken entirely away.

There is also an objection to the regularity of the proceedings in this action. Being commenced against twelve persons, it was carried to trial against only ten, under a suggestion of the death of the eleventh, pending the suit, but the twelfth had not plead, and of him there is no mention. This is said to be irregular; that judgment should have been taken by default against him before the cause went to trial, so that damages might be assessed by the jury; or if the plaintiff meant not to pursue him any further, he should have entered a *nolle prosequi* before trial, but that such an entry would now be too late. There is nothing however, in this objection. Trespass by divers persons being joint and several in its nature, the injured party has his remedy against all or any of them. He has elected to proceed against this one no further after declaration, as appears from his

not entering judgment. His right to desist is not questioned, but it is said that he ought to have entered a *nolle prosequi* before trial. Now the time for entering it has been frequently settled otherwise. In the case of *Dale* v. *Eyre and others*, 1 *Wils.* 306, after a trial and judgment the court said it was not too late. It might be entered after verdict. And in *Fleming* v. *Langton*, 1 *Stra.* 533, the court said it would be allowable any time before final judgment, and if not done then the defendant might have advantage of it on a writ of error. Therefore this objection will not lie till after the record is completed. Whether this entry which is formal only, could not be supplied by way of amendment, even after the record had been made up, I need not say, as the point is not before us.

Finally the damages are alleged to be excessive; but actions of trespass and for assault and battery are in their nature vindictive, and when a jury gives exemplary damages the court has no graduated scale by which to measure them, and its general and safest rule, is not to interfere, unless they are manifestly outrageous, seems very well and properly settled. And these are shewn to be so. Let the rule to shew cause be discharged.

Rule discharged.

CITED in *Brewer* v. *Porch*, 2 *Harr.* 378–384.